In re CHURCH OF SCIENTOLOGY OF CALIFORNIA, etc., Plaintiff

v.

Paulette COOPER, Defendant, No. CV 79 2053 (RMT),

and

Paulette COOPER, Counterclaimant

v.

CHURCH OF SCIENTOLOGY OF CALIFORNIA, etc. Counterdefendant, No. CV 79 2053 (RMT).

No. M–8–85.

United States District Court, S. D. New York.

June 10, 1981.

Cohn, Glickstein, Lurie, Ostrin, Lubell & Lubell, New York City, for plaintiff; Jonathan W. Lubell, William O'Brien, New York City, of counsel.

John J. Seffern, pro se.

LASKER, District Judge.

The Church of Scientology of California (the "Church") moves to compel John Seffern to answer certain questions he refused to answer at a deposition conducted in this case on January 22, 1981. Seffern refused to answer on the grounds that the questions related to communications he had as an attorney representing his client, Paulette Cooper, and are consequently protected by the attorney-client privilege.

The Church argues that the attorney-client privilege does not apply here because (1) Seffern was disbarred by the Appellate Division of the New York State Supreme Court, First Department on July 29, 1976, (2) Cooper waived the privilege by disclosing to a third party the substance of her communications with Seffern (which disclosure was tape recorded and a transcript of that recording was submitted on this motion), (3) the subject of those communications was Seffern's advice to Cooper how to lie comfortably during deposition questioning and are consequently not protected because the attorney-client privilege does not protect communications whose purpose is to commit perjury or a fraud or to impede discovery, and (4) some of the questions do not ask for the substance of the conversations.

Seffern argues that he is a member of this court in good standing (Affidavit of John Seffern, sworn April 13, 1981) and that Cooper considers those communications privileged (Affidavit of Paulette Cooper, sworn March [sic] 3, 1981).

The Church responds by arguing that under the local rules of this court in effect at the time, Seffern should have been suspended from practice in this court upon his suspension by the Appellate Division.

We note, as the Church acknowledges, that the rule has recently been amended to provide for "notice and opportunity to be heard" before suspension from this court. General Rule 4(d). However, it is unnecessary to determine whether this change should be given retroactive effect or whether Seffern is a member of a bar. Even if Seffern were a member of a bar, the questions he refused to answer did not inquire into any material which is protected by the attorney-client privilege.

■ First, we agree with the Church that Cooper, by disclosing to third parties the contents of her communications with Seffern concerning the training sessions he conducted with her, waived any privilege which may have protected those communications. In a conversation she had with two private investigators on February 20, 1980, Cooper explained how Seffern trained her to lie during depositions (Affidavit of Jonathan W. Lubell, sworn March 13, 1981, ¶ 4). Accordingly, since any privilege with regard to these conversations has been waived, the motion to compel Seffern to answer questions relating to Seffern's training sessions is granted.

■ Second, the remaining questions do not ask for the substance of any communications Cooper made to Seffern and consequently do not ask for any material protected by the attorney-client privilege. *Colton v. United States*, 306 F.2d 633, 637 (2d Cir. 1962), *cert. denied*, 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963). Rather they ask whether discussions concerning various subjects were had, whether compensation was received or arranged for, *see id.* at 637–38, whether legal services were rendered, *see id.* at 637, and whether documents were shown to Cooper.

Accordingly, the motion to compel Seffern to answer the questions he refused to answer during the deposition conducted on January 22, 1981 is granted.

It is so ordered.